USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

**SECUNDIO GARCIA PICHARDO, on behalf of himself, FLSA Collective Plaintiffs, and the Class,**

**Plaintiff,**

**-against-**

**BOSTON POST FOOD CORP. d/b/a/ C-TOWN, and RAMON VARGAS,**

**Defendants.**

---------------------------------------------------------------X

**24-CV-04520 (ALC)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On August 27, 2027, Plaintiff's counsel C.K. Lee ("Lee") filed a response to the Court's Order to Show Cause. At issue is whether Plaintiff filed this 2024 Case improperly in light of a nearly identical action filed against the same corporate defendant in the 2022 Case.[1]

Lee contends that the judgment received on May 22, 2025, in the 2022 Case "is worthless" because the corporate defendant "is defunct and without assets" and therefore the 2024 Case – brought against the same "worthless" corporate defendant and its alleged owner – was "the only realistic prospect of recovery" for the Plaintiff. ECF No. 41, Declaration of C.K. Lee (the "Lee Decl."), ¶¶ 2, 3. Lee continues that the decision to file the 2024 Case was "deliberate" because he did not want to "disturb" the then-pending motion for a default judgment by adding an individual defendant. Id. ¶ 5. Instead, he "left the 2022 Case to proceed on its own track and commenced a separate action against the individual." Id.

In response to the Court's inquiry about why the same corporate defendant was also sued in the 2024 Case, Lee contends that the error was made by an unnamed "former associate" but

---

[1] As discussed in the prior orders, the 2022 Case is Pichardo v. Boston Post Food Corp., 22-cv-9157 (JPO).

was "harmless" because the entity has no assets. Id. ¶ 6. Despite blaming an unnamed former associate for the error in suing the same corporate entity twice, Lee suggests that he was intimately involved in the decision to commence the 2024 Case and describes his contemporaneous analysis on why he determined that filing the 2024 Case was the best approach for his client. Id. ¶ 21. Lee further states that "the Plaintiff authorized this matter's filing as the new Complaint was his best chance of recovering unlawfully withheld wages from his former employers." Id. ¶ 39. Lee asks that the Court "vacate the default judgment as to Boston Post Food Corp. and dismiss that defendant and permit the action to proceed against Mr. Vargas subject to the credit stipulated to above." Id. ¶ 41.

Finally, Lee states that he failed to comply with the Court's August 10, 2026 Order – necessitating the August 18, 2026 Order to Show Cause – because "the associate assigned to the matter [ ] has since left the firm, failed to appropriately transfer his cases, and I failed to timely see the Court's Order." Id. ¶ 40.

## DISCUSSION

### I. Counsel's Disclosures

The Court finds Lee's response to the Order to Show Cause to be unsatisfying and incomplete. First, although Lee pins a lot of the fault on an unidentified associate(s), Lee is the only attorney to have filed an appearance in this case. The First Amended Complaint is signed by Lee and attorney Anne Seelig, see ECF No. 7, but Ms. Seelig has not appeared in the action, and, in any event, is believed to still be a partner at Lee Litigation Group. Moreover, ECF notifications are sent only to cklee@leelitigation.com, llg@ecf.courtdrive.com, and llgattorneys@netorg4086651.onmicrosoft.com, which the Court assumes is Lee's direct email and two generic email addresses used by his firm. To the extent Lee contends that he was not

responsible for this case, he should identify the lawyer who was. In light of Lee's statements, the Court believes testimony from this attorney – either through a declaration or at hearing – is warranted. Lee should further set forth his firm's practices for staffing cases with and assigning responsibility to attorneys who do not file a notice of appearance with the Court. If Lee delegated work to an associate(s) who did not sign any court filings, he must set forth clearly what work that associate performed and whether it was under supervision of a senior lawyer, including Lee, and what work Lee performed personally. To the extent relevant, Lee should invoke any applicable rules of professional responsibility.

Second, despite contending that the decision to file the 2024 Case was "deliberate," Lee Decl. ¶ 5, Lee certified on the Civil Cover Sheet that "no" "action, case, or proceeding, or one essentially the same [has] been previously filed in SDNY at any time," ECF No. 2. As Lee knows, "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000) (directing district court to consider whether to dismiss or consolidate such matters on remand). Thus, either Lee's indication that the 2024 Case was not related to any other case was a knowing false statement made at the time, or Lee's statement in his declaration that he was "deliberate" in initiating the 2024 Case to avoid disrupting the pending default motion in the 2022 Case is false. Lee must reconcile his statements made under penalty of perjury with the Civil Cover Sheet and explain why they are not perjurious. He must further explain why he has not violated, among other cannons, his duty of candor to the Court when he signed and filed the Civil Cover Sheet.

Third, Lee shall provide a signed affidavit from his client confirming that the client authorized the filing of the 2024 Case. This demand is necessitated by the Court's concern that the 2024 Case was filed without regard to the previous filing.

**II. Dismissal of Boston Post Food Corp.**

Regardless of how this case proceeds, Lee requests that the Court vacate the default judgment against Boston Post Food Corp. and dismiss this defendant with prejudice. Because Plaintiff has already obtained all the relief against this defendant to which he is entitled, that application is GRANTED.

**CONCLUSION**

By October 16, 2026, C.K. Lee is directed to file a supplemental declaration, under penalty of perjury, addressing the concerns raised in this Order. On the application of Plaintiff, the default judgment against Boston Post Food Corp. is vacated, and the Clerk of Court is directed to dismiss this defendant with prejudice.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: October 5, 2026
New York, New York